# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| SHANNON NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>DAJ GLOBAL PARTNERS, LLC, DAJ DISTRIBUTION, INC., AMAZON.COM, INC., AND DOES 1–10,<br><br>Defendants. | Cause No. CV-23-144-BLG-SPW<br><br>**PROTECTIVE ORDER** |

Upon the Joint Motion by all Parties for Entry of Protective Order (Doc. 37), and in accordance with Fed. R. Civ. P. 26(c), the Court hereby enters the following Protective Order Regarding Confidential Information ("Protective Order") governing the disclosure and handling of trade secret information, proprietary information, personal information, and other confidential commercial and financial information and documents containing any such information (collectively referred to as "CONFIDENTIAL INFORMATION"):

**1. Initial Designation.**

    **1.1** <u>**Produced Documents.**</u> A party producing documents, portions of documents, information, and other tangible things that it believes in good faith constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label that contains or includes language substantially identical to the following:

> **CONFIDENTIAL**
> Subject to Protective Order in CV-23-144-BLG-SPW
> United States District Court
> for the District of Montana, Billings Division
> **DO NOT COPY OR DISCLOSE**
> **except under terms of Protective Order**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. A party may designate all pages of an integrated, multi-page document as Confidential Information by placing this label on the first page of the document.

    **1.2** <u>**Discovery Responses.**</u> If a party responding to an interrogatory, request for admission or other written discovery request believes the responses contain CONFIDENTIAL INFORMATION, the party shall designate the responses as containing CONFIDENTIAL INFORMATION in the same manner as produced documents under subparagraph 1.1.

    **1.3** <u>**Deposition Transcripts.**</u> Within twenty-one (21) days after the receipt of a deposition transcript, a party may inform the other parties to the action

of the portions of the transcript and/or deposition exhibits that it wishes to designate as CONFIDENTIAL INFORMATION. Until such time has elapsed, deposition transcripts and deposition exhibits in their entirety are to be considered as CONFIDENTIAL INFORMATION. All parties in possession of a copy of a designated deposition transcript and/or deposition exhibit shall appropriately mark it as containing CONFIDENTIAL INFORMATION.

2. **Objections to Designations.** Any party objecting to an initial designation of CONFIDENTIAL INFORMATION, including objections to portions of designations of multi-page documents, shall notify the designating party within twenty (20) days of the receipt of the designation. The objecting and the designating parties shall promptly confer in an attempt to resolve their differences. If they are unable to resolve their differences, the designating party may file a motion for protective order with the Court. If the designating party moves for a protective order, all documents or things initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Order unless and until the Court rules otherwise. If a designating party elects not to make a motion for a protective order with respect to documents or things to which an objection has been made, the party shall be deemed to have withdrawn his or her designation.

3. **Custody.** All CONFIDENTIAL INFORMATION and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be

retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 4.1.

4. **Handling Prior to Trial.**

    4.1 **Authorized Disclosures.** CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons, after having obtained a written acknowledgment from such person (except the Court and its personnel, as listed in subsection f, below) that he or she has been advised of the existence and terms of this Protective Order:

- a. Counsel for the parties in this litigation, including their associates, clerks, paralegals, and secretarial and clerical personnel;
- b. Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;
- c. Experts and their staff who are consulted by counsel for a party to this litigation;
- d. Parties to this litigation, including their employees, agents, and/or insurers;
- e. Persons who may be called as witnesses in this case; and
- f. The Judge and other court officials and personnel involved in this litigation.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, defend, or preside over this litigation.

    4.2 **Filing of Confidential Information.** A party who wishes to file a pleading or document that constitutes, incorporates, references, contains or

otherwise discloses CONFIDENTIAL INFORMATION, shall seek leave from the Court to file the pleading or document under seal in compliance with Local Rule 5.2.

    5.    **Inadvertent or Unauthorized Disclosures.** If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and who learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

    6.    **CONCLUSION OF LITIGATION.** Following the final resolution of this litigation and any appeal(s), this Protective Order shall remain in force and this Court shall retain jurisdiction to the extent necessary to enforce the terms of this Protective Order.

    **IT IS SO ORDERED.**

DATED this 16th day of October, 2024.

*/s/ Susan P. Watters*
SUSAN P. WATTERS
United States District Judge